UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN H. HALE,

        Petitioner,

v.                                Case No. 06-C-0024

PHIL KINGSTON,

        Respondent.

**DECISION AND ORDER**

        On January 6, 2005, Glenn H. Hale filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Kenosha County Circuit Court of two counts of first-degree intentional homicide as a party to the crime, contrary to Wis. Stat. § 940.01(1)(a), three counts of armed robbery, contrary to Wis. Stat. § 943.32(2), and one count of possession of a firearm (with a previous conviction), contrary to Wis. Stat. § 941.29(2m), and was sentenced to life imprisonment. He is currently incarcerated at Waupun Correctional Institution.

        As an initial matter, petitioner has moved for leave to proceed in forma pauperis. 28 U.S.C. § 1915 authorizes commencement of a civil action without prepayment of fees by a person "who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Petitioner has submitted such an affidavit, which shows that he is incarcerated, unemployed, and has only $1.50 in his prison trust account. Based on this evidence, I find that he is indigent and unable to pay the filing fee for his petition.

Petitioner's motion for leave to proceed in forma pauperis will therefore be granted.

Having granted petitioner leave to proceed in forma pauperis, I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

This court may grant a habeas petition only if the petitioner demonstrates that the adjudication of his case in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established Supreme Court precedent when the court applies a rule different from governing Supreme Court cases or confronts a set of facts that is materially indistinguishable from those of a Supreme Court decision and arrives at a different conclusion. *Williams v. Taylor,* 529 U.S. 362 (2000). If the case involves an "unreasonable application" of Supreme Court precedent, this court must defer to reasonable state court decisions and cannot grant the writ unless the state court's decision was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

2

Case 1:06-cv-00024-WCG    Filed 02/13/06    Page 2 of 4    Document 4

Petitioner's sole claim under § 2254 is that the Wisconsin Supreme Court erred in concluding that the violation of his Sixth Amendment right to confront adverse witnesses resulting from the trial court's erroneous admission of prior testimony of a witness from the earlier trial of his co-defendant was harmless beyond a reasonable doubt. Petitioner claims that the Supreme Court erred in analyzing the harmless error issue under *Chapman v. California*, 386 U.S. 18 (1967), as opposed to *Delaware v. Van Arsdall*, 475 U.S. 673 (1986). Application of the proper standard, Petitioner suggests, requires the conclusion that the error was not harmless.

Petitioner's contention that the Wisconsin Supreme Court applied the wrong standard in deciding whether the violation of his confrontation right was harmless is not supported by the record. The Court cited both *Chapman* and *Van Arsdall* in its discussion of the issue. *See State v. Hale,* 691 N.W.2d 637, 629-32 (Wis. 2005). And it expressly applied the standard set forth in *Van Arsdall* as the governing test. *Id.* at 632 ("The proper harmless error test for a confrontation violation was set forth in *Van Arsdall*."). Petitioner's claim that the Wisconsin Supreme Court erred in failing to apply *Van Arsdall* is thus belied by the Court's published decision, a copy of which is attached to the petition.

The Wisconsin Supreme Court's published decision also contains a thorough discussion of the issue and reflects a careful consideration of the specific factors set out in *Van Arsdall*. Petitioner does not contest the Court's statement of the facts and evidence upon which its analysis is based. I have carefully reviewed the Wisconsin Supreme Court's decision and am satisfied that it does not represent an unreasonable application of *Van Arsdall* or any other clearly established federal law. I therefore conclude on the face of the petition and the exhibits annexed to it that Petitioner is not entitled to relief under 28 U.S.C. § 2254.

3

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED.**

**IT IS FURTHER ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The clerk of court shall enter judgment accordingly.

Dated this   13th   day of February, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
